UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES BINGHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-1478 (RJL) |
| ) | |
| JOHN NASH, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM

In this *habeas corpus* action, petitioner claims that he was denied his right to a speedy trial on an escape charge filed in the Superior Court of the District of Columbia. He seeks his immediate release. Respondent has moved to dismiss the petition without prejudice to it being refiled in Superior Court. Upon consideration of the parties' submissions, the Court will grant respondent's motion.

In April 1992, the D.C. Superior Court sentenced petitioner to a sentence of five to 15 years incarceration. In September 2003, petitioner was transferred from the Schuykill Federal Correctional Institution ("FCI Schuykill") in Minersville, Pennsylvania, to a halfway house in the District of Columbia as a step toward his impending parole in December 2003. In October 2003, petitioner "walked away from the halfway house." Petition at 2. He was arrested on February 22, 2004, and detained at the D.C. Jail until his transfer in March 2004 to the Metropolitan Detention Center in Philadelphia, Pennsylvania, and then back to FCI Schuylkill. On May 19, 2004, the government filed an indictment in Superior Court charging petitioner with escape. The Superior Court issued a bench warrant for petitioner's arrest. In June 2004, the United States

Marshal lodged a detainer with FCI Schuylkill based on the escape charge. In July 2004, petitioner initiated this action in the Middle District of Pennsylvania, which, by Order of July 21, 2004, transferred the case here. Petitioner seeks dismissal of the indictment and his immediate release because the indictment was filed four months after his arrest.

Respondent moves to dismiss this action on the ground that petitioner has not exhausted his local remedy. Petitioner does not allege that he demanded a speedy trial or has otherwise challenged the indictment through proceedings in Superior Court. *Cf. Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-491 (1973) (permitting a habeas challenge to an interstate detainer based on an alleged speedy trial violation where the petitioner had exhausted his available state remedies on repeated demands for a speedy trial). This case is not one "where exceptional circumstances of peculiar urgency are shown to exist." *Streater v. Jackson*, 691 F.2d 1026, 1028 (D.C. Cir.1982) (*citing Ex parte Hawk*, 321 U.S. 114, 117 (1944) (other citations omitted). The Court therefore declines on comity grounds to intervene in what may be pending criminal proceedings in the local courts.[1] *See Rose v. Lundy*, 455 U.S. 509 (1981) ("[A]s a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.").

For the preceding reasons, respondent's motion to dismiss is granted. A separate Order accompanies this Memorandum.

/s/ Richard J. Leon
Richard J. Leon
United States District Judge

Date: 9/27/05

---

[1] In the conclusion of his opposition, petitioner suggests that the Court transfer this case to D.C. Superior Court under 28 U.S.C. § 1404(a). That statute and other applicable statutes authorize this Court to transfer cases only to other federal courts.